UNITED STATES OF AMERICA

DISTRICT OF CONNECTICUT

H-06-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. ________________ |
| | : | |
| RAJINDER KUMAR | : | VIOLATIONS: |
| a/k/a "Roger Kumar" | : | 18 U.S.C. §371 |
| | : | (Conspiracy to Defraud the United States); |
| | : | 8 U.S.C. §1325(c) |
| | : | (Marriage Fraud); |
| | : | 18 U.S.C. §1542 |
| | : | (False Statement in Application and Use of |
| | : | United States Passport) |
| | : | 18 U.S.C. §2 |
| | : | (Aiding and Abetting) |

**I N D I C T M E N T**

The Grand Jury charges:

**COUNT ONE**

**General Allegations**

1. The United States Department of State, is an agency empowered to enforce and administer the laws of the United States that pertain to the issuance and use of United States passports and visas and maintains Passport Agency offices to carry out that function, including the Norwalk Passport Agency in Norwalk, Connecticut.

2. The United States Postal Service, through authorized post office locations, accepts passport applications through specially trained postal clerks.

3. To obtain a United States passport, individuals must provide documentation to establish identity and citizenship. If reviewing personnel at a Passport Agency office are unable

satisfactorily to establish identity or have other concerns regarding the application, the requesting individual may be required to submit an "Affidavit of Identifying Witness" (Form DS-71). The identifying witness must provide identification to establish entitlement to issuance of a United States passport by the applicant and must attest to their acquaintance with the applicant. The identifying witness must provide such attestation under oath, before an authorized Acceptance Agent. Warnings are provided on Form DS-71 regarding the making of a false statement in passport applications, affidavits, or other supporting documents by the applicant or affiant.

4. The United States Citizenship and Immigration Services ("CIS") is an agency within the Department of Homeland Security that is empowered to enforce and administer the laws of the United States that pertain to the immigration and naturalization of aliens. An alien is a person who is not a citizen or national of the United States.

5. An alien may begin the process to seek a change in his or her immigration status by filing the required paperwork and documentation with the CIS or the United States Embassy in the country in which they reside. Aliens may petition for, among other status changes, lawful permanent resident ("LPR") status, which permits the alien to work in, to reside in, and to travel in and out of the United States. An alien who is granted LPR status is issued an immigrant visa which is more commonly called a "green card."

6. Aliens can seek LPR status and obtain an immigrant visa as a result of, among other status events and circumstances, marriage to a United States citizen.

7. To obtain LPR status for an alien spouse, the CIS requires that the United States citizen ("petitioner") establish that the marriage to the alien spouse is bona fide, legal, and valid. In order to establish a bona fide, legal, and valid marriage, the petitioner must submit a petition ("Form

I-130") and supporting documentation including but not limited to, a marriage certificate, birth certificates for the petitioner and the beneficiary and biographical information forms.

8. The CIS will initially issue a determination as to whether the marriage is bona fide. If the I-130 petition is approved, then the petitioner and the alien spouse may apply to the Department of State for an immigrant visa to permit the alien spouse to immigrate to the United States.

9. At all times relevant to this Indictment, the defendant, **RAJINDER KUMAR, a/k/a "Roger Kumar,"** was a naturalized United States citizen and resided in the District of Connecticut.

10. At all times relevant to this Indictment, two females, referred to as CB and LM, not charged as defendants herein and known to the Grand Jury, were citizens of the United States and resided in the District of Connecticut.

11. At all times relevant to this Indictment, two individuals referred to as SC and T, known to the Grand Jury and not charged as defendants herein, were foreign nationals and resided outside of the United States.

## The Conspiracy

12. From on or about November 2002, through on or about March 2005, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendant, **RAJINDER KUMAR, a/k/a "Roger Kumar,"** together with CB and LM and others known and unknown to the Grand Jury, did knowingly and unlawfully combine, conspire, confederate and agree to defraud the United States by arranging and facilitating and attempting to facilitate fraudulent marriages between foreign nationals and United States citizens, which were undertaken to evade United States immigration laws and to impair, obstruct and defeat the lawful functions of the United

States Department of State and the United States Department of Homeland Security.

**Manner and Means**

13. To effectuate the object of the conspiracy, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** did recruit and cause to be recruited CB and LM, two unmarried United States citizen females, to enter into fraudulent marriages with SC and T, two foreign national relatives of defendant **RAJINDER KUMAR, a/k/a "Roger Kumar."**

14. To effectuate the object of the conspiracy, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** told CB and LM that they would not have to live with SC and T once SC and T arrived in the United States, and that CB and LM would only have to stay married to the foreign national spouses for a limited period of time.

15. To effectuate the object of the conspiracy, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** told CB and LM that he would pay them several thousand dollars and provide them with other economic benefits as payment for participating in the fraudulent marriages.

16. To effectuate the object of the conspiracy, defendant **RAJINDER KUMAR a/k/a "Roger Kumar,"** caused CB and LM to travel from the District of Connecticut to India for the purpose of entering into fraudulent marriages with SC and T.

17. To effectuate the object of the conspiracy, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** caused CB and LM to participate in a joint marriage ceremony in India with SC and T, who CB and LM had not met in person until several days prior to the ceremony.

18. To effectuate the object of the conspiracy, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** submitted and caused to be submitted a I-130 petition to the CIS on behalf of CB and SC on the basis of their fraudulent marriage.

**Overt Acts**

19. In furtherance of the conspiracy to defraud the United States and in order to accomplish its objectives, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** committed or caused to be committed, the following overt acts, among others, in the District of Connecticut and elsewhere:

a. On or about November 2002, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** recruited CB to enter into a fraudulent marriage with SC, a foreign national who CB believed to be his nephew.

b. On or about January 2004, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** asked CB to locate another United States citizen female to enter into a fraudulent marriage with a foreign national. CB identified LM, who was previously unknown to defendant **RAJINDER KUMAR, a/k/a "Roger Kumar."**

c. On or about January 2004, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** offered CB and LM several thousand dollars and other economic benefits to engage in marriage fraud with SC and T.

d. On or about January 26, 2004, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** drove CB and LM to a location to obtain passport photographs and then drove them to the United States Post Office in Newington, Connecticut, where he caused them to execute applications for United States passports. Defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** directed CB and LM to list travel to India on February 10, 2004,

for a period of two weeks, in the space on the passport application requesting information regarding travel plans.

e. On or about January 26, 2004, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** paid for the passport photographs and the passport application fee for CB and LM.

f. On or about February 6, 2004, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** drove CB and LM to the Passport Agency in Norwalk, Connecticut, where he executed an Affidavit of Identifying Witness for both CB and LM attesting falsely, under oath, that he had known LM for 2 years and 6 months time.

g. On or about February 13, 2004, using round-trip airline tickets purchased by defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** the defendant, CB and LM traveled to India from JFK Airport in New York.

h. On or about February 18, 2004, CB entered into a fraudulent marriage in India with SC.

i. On or about February 24, 2004, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** and CB and LM returned to JFK Airport in New York from India.

j. On or about March 29, 2004, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** caused CB to file a Form I-130 with the CIS, in which she identified herself as the petitioner and SC as a foreign national alien spouse, based on their fraudulent marriage.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

20. The allegations set forth in paragraphs 1 through 11 and 19 above are hereby re-alleged and incorporated herein.

21. That on or about February, 2004, defendant **RAJINDER KUMAR, a/k/a "Roger Kumar,"** knowingly aided and abetted CB and SC, in the District of Connecticut and elsewhere, in committing, and causing CB and SC to commit, the offense of marriage fraud, that is, in exchange for the promise of a cash payment and other economic benefits in Connecticut, the United States citizen, CB, agreed to travel from Connecticut to India, where CB and SC, knowingly entered into a marriage with each other for the purpose of evading immigration laws.

In violation of Title 8, United States Codes, Section 1325(c) and Title 18, United States Code, Section 2.

## COUNT THREE

22. The allegations set forth in paragraphs 1 through 11 and 19 above are hereby re-alleged and incorporated herein

23. On or about February 6, 2004, in the District of Connecticut, at Norwalk, Connecticut, the defendant, **RAJINDER KUMAR, a/k/a "Roger Kumar,"** did willfully and knowingly make a false statement in an application for a passport with the intent to induce and secure for the use of another, namely, LM, the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in a required affidavit in support of LM's application, the defendant stated that he had known LM for two years and 6 months, which statement he knew to be false.

In violation of Title 18, United States Code, Section 1542.

A TRUE BILL

__________________________________
FOREPERSON

________________________________
KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

________________________________
NORA R. DANNEHY
SUPERVISORY ASSISTANT UNITED
STATES ATTORNEY

________________________________
DEBORAH R. SLATER
ASSISTANT UNITED STATES ATTORNEY